IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Mark E. Potts, ) | |
| ) | |
| Plaintiff, ) | Case No. 16 C 50145 |
| ) | |
| vs. ) | |
| ) | |
| Nippon Sharyo Manufacturing, LLC, et al., ) | Judge Philip G. Reinhard |
| ) | |
| Defendants. ) | |

**ORDER**

For the reasons stated below, defendants' motion to dismiss [7] is granted in part and denied in part. The motion is granted as to the dismissal of defendants Nippon Sharyo U.S.A., Inc. and Nippon Sharyo USA Group for failure to name them as respondents in the EEOC charge. Nippon Sharyo U.S.A., Inc. and Nippon Sharyo USA Group are dismissed without prejudice. Otherwise, the motion is denied. Plaintiff is granted leave to file an amended complaint containing the necessary allegations against Nippon Sharyo U.S.A., Inc. and Nippon Sharyo USA Group on or before October 5, 2016. Defendants' motion to strike [13] (contained in their reply brief) is denied.

**STATEMENT-OPINION**

Plaintiff, Mark E. Potts, brought this action in the Circuit Court for the 17th Judicial Circuit, Winnebago County, Illinois, against defendants, Nippon Sharyo Manufacturing, LLC, Nippon Sharyo U.S.A., Inc. and Nippon Sharyo USA Group alleging a violation of the Age Discrimination in Employment Act ("ADEA"), 49 U.S.C. § 621(a) et seq. Defendants removed to this court based on federal question jurisdiction. 28 U.S.C. § 1331. Defendants move [7] to dismiss for failure to state a claim upon which relief can be given. Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges in his complaint that at all pertinent times he was over the age of 40 and a protected person within the meaning of the ADEA. He was employed by defendants beginning on October 8, 2012 and discharged by them on February 14, 2014. Plaintiff alleges he timely filed a charge of discrimination with the EEOC and that he later filed suit "no later than ninety (90) days after receipt of a Notice of Right to Sue from the EEOC." He alleges a "true and correct copy of the Charge of Discrimination and the Notice of Right to Sue" are attached to his complaint.

The attached right-to-sue letter shows a date mailed of "6-24-15." Plaintiff filed suit on April 21, 2016. Defendants move to dismiss arguing that the action is untimely as it was brought

more than 90 days after the date on which the right-to-sue letter would be presumed to have been received by plaintiff– June 29, 2015– five days after the date the notice indicated it was mailed. Defendants argue plaintiff pled himself out of court by attaching the right-to-sue letter showing a June 24, 2015 mailing date.

As noted above, plaintiff pled in his complaint that he filed suit no later than 90 days after receipt of the right-to-sue letter. In response to defendants' motion, plaintiff argues he did not receive the right-to-sue letter until it was sent via email to plaintiff's counsel on March 9, 2016. Plaintiff attaches to his response his affidavit and the affidavit of his counsel. His counsel's affidavit states on or about January 21, 2016 she sent a letter to the EEOC asking the EEOC to expedite its investigation because, other than an EEOC officer, William Hubbartt, taking plaintiff's statement over the phone on June 22, 2015, no other action had been taken on the charge. On March 4, 2016, plaintiff's counsel received a telephone call from Hubbartt advising her the EEOC charge had been dismissed. On March 9, 2016 via email attachment and on March 14, 2016 via regular mail, counsel received a copy of the right-to-sue letter from the EEOC. In plaintiff's affidavit, he states that other than his phone interview on June 22, 2015, he never received any other communication of any kind from the EEOC. It was not until on or about March 7, 2016, when advised so by his attorney, that he learned his EEOC charge had been dismissed.

Defendants, in their reply brief, argue the court must strike the affidavits of plaintiff and his counsel because affidavits cannot be considered on a 12(b)(6) motion. They argue that by attaching the right-to-sue letter to his complaint, plaintiff is bound by the presumption it was received within five days of the mailing date appearing on the face of the letter. They argue that plaintiff's only recourse when faced with the motion to dismiss was to correct his pleading deficiencies by amending the complaint within 21 days of defendants' motion. Fed. R. Civ. P. 15(a)(1)(B).

Failure to sue within 90 days is an affirmative defense so defendants have the burden of showing plaintiff's "complaint was filed more than 90 days after [he] received sufficient notice of [his] right to sue." DeTata v. Rollprint Packaging Products, Inc., 632 F.3d 962, 970 (7th Cir. 2011). The 90-day period does not start running until the claimant or his agent actually receives the right-to-sue letter from the EEOC. Id., at 967.

"Complaints need not anticipate defenses and attempt to defeat them." Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012). "A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c)." But, it has to be airtight. A dismissal on statute of limitations grounds is only appropriate "if the claim is indisputably time-barred." Rosado v. Gonzalez, No. 15-3155, 2016 WL 4207961, *1 (7th Cir. Aug. 10, 2016). Defendants have failed to show plaintiff's claim is indisputably time-barred.

The Seventh Circuit Court of Appeals has said concerning receipt of notice of an adverse determination by a Social Security disability benefit applicant that "unless proven otherwise, the receipt date is presumed to be five days from the mailing date." Loyd v. Sullivan, 882 F.2d 218

(7th Cir. 1989). Defendants take this presumption and contend that because the right-to-sue letter here was attached to plaintiff's complaint and bears a notation indicating it was mailed "6-24-15" that the court must conclusively presume the right-to-sue letter was received five days later on June 29, 2015. To reach this conclusion, defendants argue that when the "plaintiff attaches his notice of right to sue to his complaint, the actual document will 'override inconsistent descriptions of those documents alleged in the body of the complaint.'" They contend that because the complaint alleges the attached right-to-sue letter is a "true and correct copy" that it overrides plaintiff's allegations that he filed the complaint no later than 90 days after plaintiff received the right-to-sue letter – because – the attached document says it was mailed on June 24, 2015 and therefore, must be presumed to have been received on June 29, 2015.

Defendants simply read out the "unless proven otherwise" language from Loyd. In fact, they argue plaintiff is precluded from proving otherwise contending that affidavits cannot be considered on a motion to dismiss. DeTata, discussed above, which was cited by plaintiff, belies defendants' argument.

In DeTata, the EEOC dismissed DeTata's claim and issued a right-to-sue letter on March 2, 2009. Instead of sending the letter to DeTata, the EEOC sent the letter to a person, Bracko, who may or may not have been acting as DeTata's attorney. DeTata contended Bracko never received the letter and DeTata did not receive any notice of the dismissal or the issuance of the right-to-sue letter. Subsequently (in May 2009 according to a declaration filed by an EEOC employee), DeTata called the EEOC and learned her case had been dismissed and a right-to-sue letter had been issued. She ultimately received a copy of the right-to-sue letter a few days after the EEOC re-sent it on June 18, 2009. After she filed her lawsuit, the defendant, Rollprint, moved to dismiss for untimeliness. The suit had been filed 170 days after the EEOC initially issued the right-to-sue letter. The district court conducted a hearing and ultimately dismissed the case. The Seventh Circuit vacated the judgment and remanded the case for further proceedings. In discussing the right-to-sue letter being sent to Bracko, the court observed "[m]ore evidence would be necessary before we knew whether Bracko never received the letter, or if he just refused or failed to acknowledge receipt." DeTata, 632 F.3d at 965. The court observed "even if Bracko was acting as DeTata's agent for notice purposes, Rollprint over looks the fact that Bracko may never have received the right-to-sue letter." Id., at 970. In remanding the court stated "it will be up to the parties on remand to develop any further evidence that may be relevant to a better understanding of Bracko's role in the case." Id.

As DeTata shows, evidence, including declarations, is allowable – and often required – on a motion to dismiss based on untimeliness, to resolve the issue when a right-to-sue letter was received. Plaintiff was free to bring in his counsel's affidavit as well as his own to refute defendants' five-day presumption argument. This is not a case like Stevenson v. Unichema North America, No. 94 C 6544, 1995 WL 453001, *1 (N.D. Ill. July 27, 1995), cited by defendants, where the plaintiff pled himself out of court by attaching to the complaint a copy of the notice of right to sue which bore a receipt stamp showing "plaintiff's attorney received the notice of right to sue more than 90 days before the complaint was filed." The attached right-to-sue letter here does not contain any markings on it to indicate it was ever received by anyone.

Any presumption that plaintiff received the right-to-sue letter by June 29, 2015 has been rebutted by the affidavits submitted by plaintiff in response to defendants' motion to dismiss. If defendants have, or discover, evidence plaintiff received the right-to-sue letter more than 90 days before this case was filed, they are certainly free to present it later in the case to prove their affirmative defense of untimeliness.

Defendants also argue Nippon Sharyo U.S.A., Inc. and Nippon Sharyo USA Group should be dismissed as defendants because they were not named in the EEOC charge. The charge names only Nippon Sharyo Manufacturing, LLC as a respondent. A "party not named as the respondent in the [EEOC] charge may not ordinarily be sued." Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir. 2013). An exception to this rule occurs "where the 'unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance.'" Id. (quoting, Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 905 (7th Cir. 1981)). In order to fit within this exception at the pleading stage, the complaint must allege the defendants not named in the charge "had notice of the EEOC charge against it and an opportunity to participate in conciliation proceedings." Alam, 709 F.3d at 666. The complaint does not contain these necessary allegations. Accordingly, Nippon Sharyo U.S.A., Inc. and Nippon Sharyo USA Group must be dismissed.

For the foregoing reasons, defendants' motion to dismiss [7] is granted in part and denied in part. The motion is granted as to the dismissal of defendants Nippon Sharyo U.S.A., Inc. and Nippon Sharyo USA Group for failure to name them as respondents in the EEOC charge. Nippon Sharyo U.S.A., Inc. and Nippon Sharyo USA Group are dismissed without prejudice. Otherwise, the motion is denied. Plaintiff is granted leave to file an amended complaint containing the necessary allegations against Nippon Sharyo U.S.A., Inc. and Nippon Sharyo USA Group on or before October 5, 2016. Defendants' motion to strike [13] (contained in their reply brief) is denied.

Date: 9/16/2016                         ENTER:

                                        _____
                                        United States District Court Judge

                                                    Electronic Notices (LC)